UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN S.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:20-CV-5355-DWC

ORDER ON MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss Amended Complaint (the "Motion"). Dkt. 27. Plaintiff filed a Complaint appealing the denial of an application for disability insurance ("DI") benefits pursuant to 42 U.S.C. §§ 401–33 of the Social Security Act, and alleging a "civil action for deprivation of rights" under 42 U.S.C. § 1983 based on a violation of Plaintiff's right to appeal and/or due process. Dkt. 9. After the Court dismissed Plaintiff's Complaint for failure to identify an appealable final decision, Plaintiff filed an Amended Complaint. Dkts. 23, 24.

In the Motion, Defendant seeks dismissal of the Amended Complaint based upon Plaintiff's failure to identify an appealable final agency decision. Plaintiff filed a Response and Defendant filed a Reply. Dkts. 29, 30. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 12.

Based on the pleadings on file with the Court, Plaintiff has failed to show he has a final decision he can timely appeal. In its Order on Motion to Dismiss the original Complaint, the Court found Plaintiff's allegations based on his benefits claim from 2012 to be time-barred. Dkt. 23. Plaintiff alleges he filed new claims in 2017 and 2018, but has not shown a final decision from the Social Security Administration ("SSA"), and has not shown the Court should waive the requirements of administrative exhaustion. Plaintiff has thus failed to state a claim upon which relief can be granted, and this action is therefore dismissed.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds it "fails to state a claim upon which relief can be granted." To state a claim for which relief may be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## FACTUAL AND PROCEDURAL HISTORY

On April 13, 2020, Plaintiff filed a Declaration and Application to Proceed *In Forma Pauperis*, which the Court granted. *See* Dkts. 1, 7–8. Plaintiff then filed his Complaint, alleging Defendant denied Plaintiff's claim for DI benefits, and deprived him more than once of his right to appeal or right to due process. Dkt. 9, p. 2. Plaintiff did not specify the date on which Defendant's alleged denial of benefits occurred. *See id.* In his request for relief, Plaintiff listed several possible relevant years, asking that "[t]he final decision of Defendant be reversed and set aside; 2012 and 2017 appealed no hearing date." *Id.* Plaintiff further requested "benefits to be paid in full as of active last date of 2012 and appeal, and filing 2015 and appeal." Dkt. 9, p. 3.

On August 24, 2020, Defendant filed a Motion to Dismiss the Complaint (the "First MTD"). Dkt. 20. Defendant averred an administrative law judge ("ALJ") issued a decision on February 17, 2012, denying Plaintiff's DI benefits application. Dkt. 20, pp. 3, 5–19. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 23, 2013, and notice of that decision was mailed to Plaintiff and his representative. Dkt. 20, pp. 3–4, 25–30. Plaintiff did not dispute he received this notice. Defendant averred it had no record of any other final decisions involving Plaintiff. Dkt. 20, p. 4.

On reply, Plaintiff submitted three pieces of correspondence from the SSA, although he did not explain their relevance in his brief. *See* Dkt. 21. First, Plaintiff submitted a letter, dated October 22, 2018, in which the SSA informed Plaintiff he is not eligible for supplemental security income ("SSI") benefits because his monthly income is too high. Dkt. 21, p. 2. Second, Plaintiff submitted a letter, dated February 5, 2019, in which the SSA indicated it had received a form from Plaintiff requesting a hearing before an ALJ, which was being treated as a request for reconsideration of an earlier decision based on SSA rules. Dkt. 21, pp. 6. Third, Plaintiff submitted a letter, dated March 18, 2019, in which the SSA informed Plaintiff he did not qualify for DI benefits because he had not worked long enough to be eligible. Dkt. 21, p. 4. It is not clear that Plaintiff submitted the entirety of any of these three letters. *See* Dkt. 21, pp. 2–7.

On September 29, 2020, the Court granted Defendant's First MTD. Dkt. 23. However, in the interest of fairness, and because this matter is still at the pleading stage, the Court gave Plaintiff 30 days to file an amended complaint identifying an appealable final decision relating to the communications referenced in his reply to the First MTD. *Id.*, pp. 7–8.

Plaintiff filed his Amended Complaint on October 9, 2020. Dkt. 24. In it, Plaintiff alleged he had applied for DI and SSI benefits, but was denied in a 2012 decision. *Id.*, pp. 2–3. He

1 further alleged he filed a new claim in 2017, and appealed the denial of this claim, but heard

2 nothing from the SSA. *Id.*, p. 3. Plaintiff alleged he filed another new claim in 2018. *Id.*

3       On October 30, 2020, Defendant filed the present Motion, once again asking the Court to

4 dismiss Plaintiff's claims. Dkt. 27. Plaintiff timely filed a response, and Defendant timely filed a

5 reply. Dkts. 29–30.

6 <center>DISCUSSION</center>

7     **1.**      **Plaintiff Has Failed to Identify an Appealable Final Decision**

8       Plaintiff referenced three claims in his Amended Complaint, from 2012, 2017, and 2018.

9 Dkt. 24, pp. 2–3. The Court has already ruled Plaintiff's 2012 claim is time-barred. Dkt. 23, pp.

10 5–6. Plaintiff has failed to identify facts relating to his 2017 and 2018 claims showing they are

11 final administrative decisions. As the Court explained in its first Order, "[42 U.S.C. §] 405(g)

12 provides that a civil action [appealing a denial of benefits] may be brought only after (1) the

13 claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final

14 decision on the claim." *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989); *see also*

15 *Califano v. Sanders*, 430 U.S. 99, 102 (1977) ("The [Social Security] Act and regulations thus

16 create an orderly administrative mechanism, with district court review of the final decision of the

17 Secretary . . . ."). "[T]he Commissioner's decision is not final until the Appeals Council denies

18 review or, if it accepts the case for review, issues its own findings on the merits." *Brewes v.*

19 *Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012). Plaintiff has presented no

20 facts indicating the claims he filed in 2017 and 2018 are final decisions. The only remaining

21 issue is whether Plaintiff has shown the requirement of administrative exhaustion should be

22 waived. As explained below, Plaintiff has not done so.

23

24

**2.      Plaintiff Has Failed to Establish Waiver of Administrative Exhaustion**

Plaintiff argues the Court should waive the requirement that he exhaust his administrative remedies because he has attempted to get a hearing on his claims, but has been unable to do so. Dkt. 29, pp. 4–5. "A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction." *Bass*, 872 F.2d at 833. Those procedures are that a claimant must present the claim to the SSA and obtain an initial determination, seek reconsideration, and, after reconsideration, request a hearing before an ALJ. *Id.* (citing 20 C.F.R. §§ 404.900(a)(1)–(3), 404.909, 404.920, 404.933). The claimant must then request review by the Appeals Council, and the decision of the Appeals Council, whether it is a grant or denial of review, becomes a final decision appealable to this Court. *Bass*, 872 F.2d at 833 (citing 20 C.F.R. §§ 404.900(a)(5), 404.955, 404.981). There is no dispute Plaintiff has not had a hearing before an ALJ on his 2017 and 2018 applications, and has not received a decision from the Appeals Council.

A district court can waive the exhaustion requirement, but only if the claimant satisfies a three-part test. *Bass*, 872 F.2d at 833. "The claim at issue must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal of the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Plaintiff's claims are not collateral to his substantive claims of entitlement; they directly concern those claims, as the issue is whether he is entitled to disability benefits. Plaintiff has failed to meet the requirements for waiver of administrative exhaustion.

A final point of clarification is necessary on Plaintiff's claims. His claims based on the 2012 application for benefits are dismissed with prejudice, as they are time-barred. Plaintiff's

1  claims based on 2017 and 2018 applications for benefits are dismissed without prejudice, as
2  Plaintiff has failed to exhaust administrative remedies. *See Ingram v. Comm'r of Soc. Sec.*, 401
3  F. App'x 234, 235 (9th Cir. 2010) ((holding dismissal without prejudice is appropriate for claims
4  dismissed for failure to exhaust administrative remedies); *O'Guinn v. Lovelock Corr. Ctr.*, 502
5  F.3d 1056, 1063 (9th Cir. 2007) (same). Plaintiff may not amend his complaint again in this
6  action. However, this Order does not prevent Plaintiff from bringing a new action, and if he does
7  decide to bring a new action he should first exhaust his administrative remedies with respect to
8  the 2017 and 2018 applications for benefits.

## CONCLUSION

For the reasons stated above, Defendant's Motion is GRANTED. The Complaint is DISMISSED with prejudice with respect to Plaintiff's claims relating to his 2012 application for benefits, and without prejudice with respect to Plaintiff's claims relating to his 2017 and 2018 applications for benefits.

Dated this 17th day of December, 2020.

                                                       /s/ David W. Christel
                                                       David W. Christel
                                                       United States Magistrate Judge